## ALBRIGHT v. STATE.

(Court of Criminal Appeals of Texas. Feb. 25, 1914. On Motion for Rehearing, April 1, 1914.)

1. INTOXICATING LIQUORS (§ 168*)—OFFENSES —PERSONS LIABLE.

Where a father ordered his son to get some whisky which belonged to the father and sell it to the purchaser, the father participated in the sale and was a principal in the transaction.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 189–192; Dec. Dig. § 168.*]

2. CRIMINAL LAW (§ 59*)—PARTIES TO OFFENSES—MISDEMEANOR.

In misdemeanor cases, there being no distinction between principals and accomplices, all who participate in any way are treated as principals.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 71, 73, 74, 76–81; Dec. Dig. § 59.*]

3. CRIMINAL LAW (§ 1186*)—HARMLESS ERROR—EVIDENCE.

In a prosecution for unlawfully selling intoxicating liquors, defended on the ground that it was a gift and not a sale, though it were error to exclude testimony that defendant was a liberal hearted man, accommodating to his neighbors, it was not such as to require a reversal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3215–3219, 3221, 3230; Dec. Dig. § 1186.*]

On Motion for Rehearing.

4. INTOXICATING LIQUORS (§ 167*)—OFFENSES—PARTIES—ACCOMPLICE.

Under the express provisions of Pen. Code 1911, art. 602, a purchaser of intoxicating liquors in a local option district, though a detective or "spotter," is not an accomplice, and neither is such person an accomplice under the common law.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 182, 183; Dec. Dig. § 167.*]

Davidson, J., dissenting.

Appeal from Gregg County Court; J. H. McHaney, Judge.

John Albright was convicted for violating the local option law, and he appeals. Affirmed.

McCord & Campbell, of Longview, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. [1] This conviction was for violating the local option law. The state relied upon the testimony of a witness, who says he was employed by the county attorney as a detective to work up local option cases; that he approached appellant and asked him if he could let him have some whisky. Appellant finally let him have a bottle, for which the detective says he paid him $2. The defendant took the stand and testified that he let him have the whisky, but did not receive any pay for it, and did not ask any pay. He is sustained by two other witnesses. When the state's witness approached appellant with the request to let him have whisky, he was busy at work and spoke to one of his sons, who was near by, telling him to get a bottle of whisky out of the wagon and let him have it. The boy demurred and insisted on not doing so, but his father ordered him to do so, and he finally handed the witness the whisky. The son and the other witnesses all testify that this was the transaction, and no money passed between the parties. This, under our decisions, would be a matter for the jury to decide. See Franklin v. State, 164 S. W. 375, recently decided.

[2] The court charged the jury with reference to principals as follows: "All persons who are present and participate by acts, or encourage by words or gestures, in the commission of an offense, are principals. Now if you find and believe from the testimony, beyond a reasonable doubt, that the defendant did in Gregg county, Tex., on or about the date alleged, acting alone or with his son, sell to the witness T. G. Livsey a bottle of whisky, as alleged, then find the defendant guilty," etc. Appellant was either a principal in this transaction or was not guilty. The whisky belonged to him, and he ordered his son to hand the whisky to the alleged purchaser. He was therefore participating in the sale, if the sale occurred, and would be a principal in the transaction. But if he was guilty at all, it being a misdemeanor, he would be treated as a principal, for in misdemeanors principals and accomplices are treated as principals. Such has been the rule in Texas since the rendition of the opinion in Houston v. State, 13 Tex. App. 595.

[3] There was a bill of exceptions reserved to the refusal of the court to permit appellant to prove that defendant was a liberal hearted man, accommodating to his neighbors, etc. The court may have properly admitted this testimony, but we do not think it of such importance as to require the reversal of the judgment, even if the ruling was error.

Taking the record as we find it, under present decisions, we believe the judgment ought to be affirmed, and it is accordingly so ordered.

On Motion for Rehearing.

On a former day of the term the judgment herein was affirmed out of deference to the opinion of my Brethren, citing the recent case of Franklin v. State, 164 S. W. 375. I did not then believe the judgment ought to be affirmed, nor do I yet believe on the facts appellant ought to be convicted. The state's witness is named Livsey. He testified that he got the whisky from appellant under the following circumstances: "I saw the defendant and asked him if he had any whisky; he said he did. I told him I wanted some; he said all right, and called his son and told him to let me have a bottle of whisky that was in the wagon. His son let me have the bottle of whisky, and I paid the defendant $2 for it." He further testified: "I was employed by the county attorney to hunt for 'bootleggers,' and was paid some money once or twice. I got money along as I needed it. You might call me a spotter or detective. I was employed to find out if anybody was selling whisky." The defendant, Toney Albright, and Elmer Albright testified positively that no such sale occurred; that this "detective" or "spotter" came to where their father was and asked him for whisky, and was informed that he had no whisky but that his son Toney Albright had some. Toney Albright did not want to let Livsey have the whisky, but his father told him to let him have it; he was a good fellow and was all right. All three of these witnesses testified positively that it was a gift and not a sale. The usual rule is that the jury are the exclusive judges of the facts proved and credibility of the witnesses, and under the local option law a purchaser is said not to be an accomplice, and his testimony would afford the basis for a conviction. The legislature so provided, and it is not my business here to question the wisdom of this policy or act of the Legislature, but I am persuaded that this statute does not cover such a witness as this, and was not intended to do so. This statute, as I understand it, does not apply to a case where the "detective" or "spotter" or "spy" himself originates the case and induces men to commit crime. If such are the facts, then he would be a particeps criminis under the rule laid down by this court in the cases of Dever v. State, 37 Tex. Cr. R. 396, 30 S. W. 1071, and Bush v. State, 151 S. W. 554. Those cases draw the distinction between men who are ferreting out crime and officers who are ferreting out crime, and those who institute and bring about an occasion for crime and induce the crime. A purchaser may be a witness who does not need corroboration, where he is a purchaser under ordinary circumstances, but where, as a detective or spy or spotter, he is employed and receives a salary to go around and institute and organize crimes and cases against people, in my judgment, he does not come within the provision of the legislative enactment. He himself is a criminal in that he brings

about a criminal transaction, and sets himself to work to do so in order that he may punish people for the pay that his employer gives him. In that sort of a case he himself is a criminal, a particeps criminis, and needs corroboration. However, my Brethren believe the case ought to be affirmed. These are my individual views above expressed. I do not believe this judgment ought to be affirmed on the testimony of this man Livsey, who himself brought about and induced this crime, if it is one. Of course all the other testimony shows that appellant did not sell any whisky, but it was a present to this "detective" or "spotter."

In my judgment this motion for rehearing ought to be granted, and the judgment reversed, but, in accordance with the wishes of by Brethren and their views of it, it will be overruled.

PRENDERGAST, P. J., and HARPER, J. We copy in full the evidence of the state's witness Livsey, as follows: "I live in Rusk county, Tex. Know the defendant, John Albright. On the morning of September 29, 1913, I went down to the fair grounds in Longview, Gregg county, Tex. Saw the defendant, John Albright, and asked him if he had any whisky. He said he did. I told him I wanted some. He said all right, and called his son and told him to let me have a bottle of whisky that was in the wagon. His son let me have a bottle of whisky, and I paid the defendant $2 for it. This occurred in Longview, Gregg county, Tex. (The state then exhibited to the witness a bottle of I. W. Harper whisky; witness stating, 'That is the bottle I got from the defendant.')" Cross-examined: "I was employed by the county attorney to hunt for 'bootleggers,' and was paid some money once or twice. I got as much as $15. I would get money along as I needed it. You might call me a spotter or detective. I was employed to find out if anybody was selling whisky."

[4] The reporter will copy in full the balance of the statement of facts. Our statute expressly enacts that such witness as Livsey "shall not constitute such person an accomplice." Article 602, Pen. Code. That he was an accomplice was in no way raised, suggested, or hinted at in this court or the court below, until in Judge DAVIDSON'S opinion on rehearing above. Even if the question had been raised in this or the court below, and there had been no statute as above cited, said witness would not have been an accomplice. Minter v. State, 159 S. W. 300; Holmes v. State, 156 S. W. 1172, and authorities cited and quoted in said decisions; Ausbrook v. State, 156 S. W. 1178. Neither of the cases of Dever or Bush, cited by Judge DAVIDSON, are in point, and especially as there was no statute applying to either of those cases, as there is to this.

This motion for rehearing in this case is properly overruled, and the case, and also the Franklin Case, too, correctly affirmed.

The following is the balance of the evidence referred to in the opinion of the court: "John Albright, the defendant, being sworn, testified that he did not sell the state's witness T. G. Livsey any whisky; that on the morning of September 29, 1913, the state's witness Livsey came down to the fair grounds, 'where I was at work, and told me he was going hunting and wanted some whisky, and asked me if I had any. I told him that my son Toney Albright had some in his wagon, and I called my son and told him to let Livsey have a bottle of whisky. My son said he did not want to do it; and I said, "Oh, Livsey was a good fellow and let him have it;" and I suppose he did. Livsey drove up to the little house that I was running a restaurant in, at the fair grounds, and did not get out of his buggy, and when my son went to his wagon, which was at the back of the house, Livsey drove around to the back of the house. I state positively that I did not sell Livsey a bottle of whisky, and that he did not pay me $2 for some or any other amount. I do not deny the fact that I drink whisky, and when I have it I do not refuse to let any one who would ask me for some have it, but I do not sell it.' Cross-examined: 'I frequently order whisky by the case, and I have oftentimes given to my friends as much as a quart at a time. No, I never did ship a barrel of whisky to Camp's Switch.'

"Toney Albright testified: 'The defendant is my father. I am a married man. I let T. G. Livsey have a bottle of whisky on the 29th day of September, 1913. On that morning I was going to the country in my wagon. I went by the express office and got a case of whisky that I had ordered and put same in my wagon. I then went by the fair grounds, where my father was at work, to get some canvass roofing to take out in my wagon. While I was there T. G. Livsey came out there in a buggy and drove up to where my father was and said he was going hunting and asked him for some whisky. My father told him that he did not have any, but told Livsey that I had some in my wagon, and told me to let Livsey have a bottle. I at first refused, but father said, "Oh, let Green have some; that he was a good fellow." Livsey then drove around to the back of the house, where my wagon was. I then went to my wagon and got a bottle of I. W. Harper whisky and give it to Mr. Livsey. He did not pay me a cent, nor did he pay my father, for it. Livsey did not get out of his buggy.' Cross-examined: 'I was present when Livsey drove up. He did not get out of his buggy. He asked my father to let him have some whisky, and my father told him that he did not have any, but that I had some, and he then requested me to let Livsey have a bottle, which I did, and he did not give my father any money for same,

neither did he pay me anything for it. I got the whisky from the express office in the town of Longview, Gregg county, Tex., that morning. This whisky was shipped to me, and I receipted the express office for same.'

"Elmer Albright testified for the defendant: 'I heard my brother Toney Albright refuse to let Livsey have the whisky, but my father, John Albright, said, "Let Livsey have it; that he was a good fellow." Then my brother let Livsey have a bottle of whisky. I was present when Livsey was talking to my father and when my brother let him have the whisky, and knew that he did not pay anything for it.' Cross-examined: 'Mr. Livsey came up in his buggy and did not get out, when my father requested Toney to let Livsey have a bottle of whisky, my brother did not want to let him have it, but my father told him that Livsey was a good fellow and to let him have it, which he did. Livsey drove his buggy around the house to where the wagon was and got the whisky. He did not pay anything for it.'

"Upon the trial of this case it was agreed by and between the state's counsel and the attorney for the defendant that local option was in effect in Gregg county, Tex., at the date of the alleged sale and at the time of the trial, and had been in effect for several years prior thereto, and it was further agreed by and between the parties that all orders upon the minutes of the commissioners' court record of said county, pertaining to the local option election heretofore held in said county, was considered introduced in evidence upon the trial of said cause.

"We, McCord and Campbell, attorneys for defendant, and F. A. Taylor, county attorney of Gregg county, Tex., hereby agree that the above and foregoing is a true and correct statement of the evidence and all the evidence introduced on the trial of above cause."