### A. B. Latham v. The State.

#### No. 4553.    Decided June 29, 1917.

**1.—Simple Assault—Principals—Misdemeanor.**

Where, upon trial of simple assault, the evidence showed that the defendant offered a dollar to a certain party to give a third party a whipping, which he did, this was an assault at the instigation of the defendant, and it would make no difference whether he was immediately present or not, as this would make him a principal in a misdemeanor case. Following Houston v. State, 13 Texas Crim. App., 595.

**2.—Same—Rule Stated—Felony—Accomplice.**

Had the defendant advised another to commit a felony, he might have been considered as an accomplice, but the distinction between accomplice and principal is not recognized in this State so far as misdemeanors are concerned.

Appeal from the County Court of Cottle. Tried below before the Hon. W. O. Jones.

Appeal from a conviction of simple assault; penalty, a fine of five dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of simple assault, his punishment being assessed at a fine of $5.

The case in brief is this: Wilkerson testified that defendant said he would give anyone a dollar to whip Raymond Berry. "I told him that I could whip him, and that if I could not that I would go home and go to bed. The defendant then put up one dollar with Fletcher Boley, and by agreement was to pay the dollar to me when I whipped Raymond Berry. We then left the cold-drink stand and went to the Methodist church, where defendant and myself saw some other boys. I asked the boys if they had seen Raymond Berry, and told them that I was going to whip him when I found him and that I would set the cold drinks up to the bunch." Finally they went to the cold drink stand and these other boys stopped on the outside. Wilkerson went inside and walked up to Raymond Berry and asked him for a dime, and was informed by Berry that he did not have a dime. He then called Berry a damned stingy —— and pulled his cap down over his eyes. Berry then pulled Wilkerson's cap down and they began to scuffle. About that time Wilkins put Wilkerson out of the cold-drink stand, and Berry came out, and they both went around the building about fifty feet and "pulled off the fight."

Appellant defended somewhat on the theory that he took down the dollar after the trouble in the cold-drink stand, and told witness not to fight on his account, but that was after the scuffle occurred in the cold-drink stand. This witness and Berry were not good friends and

had not been for some time prior to the fight and 'quarrel. This witness says he was not expecting the dollar for fighting Berry, because appellant told him not to fight Berry on his account, but this was after the scuffle. This is the substance of the case without going further into details.

When the defendant offered the dollar to Wilkerson to fight Berry, and Wilkerson did fight him, or make an assault on him in the cold-drink stand, this was an assault at the instigation of the defendant, and whether he was immediately present or not would make no difference. All parties particeps criminis to and included in the fight would be principals. This has been a well settled proposition in Texas since the case of Houston v. State, 13 Texas Crim. App., 595. That it was an assault by Wilkerson on Berry in the cold-drink stand is not to be questioned under the facts stated and these seem not to be controverted. As we understand this record there is no question about the fact that appellant was guilty of inducing Wilkerson to make this assault on Berry, and that it occurred in the cold-drink stand, and that he was responsible whether he was immediately present and concurring at the time or not. Had it been a felony he might have been considered as an accomplice, but the distinction between accomplice and principal is not recognized in Texas so far as misdemeanors are concerned, and this has been so since Houston v. State, supra.

Finding no error in the record the judgment is affirmed.

*Affirmed.*