### W. A. Mann v. The State.

#### No. 5724.   Decided March 24, 1920.

**1.—Occupation—Local Option—Intoxicating Liquors—Continuance.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the application for continuance showed a want of diligence and did not show the materiality of the absent testimony, there was no error in overruling same.

**2.—Same—Argument of Counsel.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the defendant received the lowest punishment and it was not shown in the record that the argument of the county attorney injured the rights of the defendant, there was no reversible error.

**3.—Same—Detectives—Accomplicess—Charge of Court.**

Where, two of the State's witnesses had been employed as detectives by the State, in order to apprehend violators of the liquor law, and they afterwards testified for the State and there was no showing that an effort was made by said witnesses to induce defendant to engage in said business, they were not accomplices under the law, and there was no error in the court's refusal to charge thereon. Following Fisher v. State, 81 Texas Crim. Rep.. 568; and other cases.

**4.—Same—Charge of Court—Business and Occupation.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence showed that at least two sales were made within the prohibited time, and the court gave a prop-

er charge in defining the offense as applicable to the evidence, there was no error in refusing the requested charges of the defendant.

### 5.—Same—Evidence—Detectives—Compensation.

Upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in refusing to compel a State's witness to testify what compensation he received for his work as a detective in the premises, there being no showing of any inference of pecuniary interest in the conviction of the defendant.

### 6.—Same—Evidence—Justification.

It would not be a justification or excuse that defendant sold intoxicating liquor believing that the purchaser was ill at the time, and it was no error to exclude such testimony.

Appeal from the District Court of Hill. Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Ivy & Stollenwerck*, for the appellant.—On question of argument of counsel: Pace v. State, 124 id., 949.

On question of charge of court on occupation: Alexander v. State, 204 S. W. Rep., 644; Thomas v. State, 147 S. W. Rep., 262.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hill County, of violating what is known as the Local Option Law, by engaging in, and pursuing the business and occupation of selling intoxicating liquors in territory where the sale of such liquors had been forbidden by a vote of the people, and his punishment was fixed at confinement for two years in the State penitentiary.

The indictment charges that between March 17, 1917, and April 25, 1917, appellant made more than forty separate and distinct sales of liquor, to parties named as purchasers; and also charges that during February, March and April, 1917, and anterior to the return of the indictment, that more than two separate sales of liquor were made by him.

When the case was called for trial, an application for a continuance was made by the defense, because of the absence of the witnesses Ring and Norther. The date of said application is November 10, 1919. It is here insisted by the State that no legal diligence was shown. Examining the record, we observe that the indictment was returned April 25, 1917, and that the only effort referred to, or set out in said application, to obtain said witnesses, was that an attachment was is-

sued on June 6, 1918, which was executed, as stated therein, on June 5, 1918, by attaching both said parties; and it is also recited in the application, as some kind of an excuse for lack of diligence, that the Assistant county attorney had stated to appellant in the early part of 1919, that his case would never again come up for trial, and also, that since the case was called in September, 1919, he had been unable to locate said witnesses. The attachment and the return of the officer showing the execution thereof, were made exhibits. The witnesses, according to said return, were required to give bond for their appearance at court on June 6, 1918. Whether they appeared or not, or what subsequently became of them, does not appear. In the absence of any affirmative showing of facts from which we might conclude that the witnesses were in attendance whenever the case was called, during more than a year after the time of their attachment, we would have to sustain the action of the trial court in overruling this application. The presumption would be that the application was properly overruled, unless the facts showed to the contrary.

We also think that there is no such statement of the proposed testimony of said absent witnesses, as makes apparent its materiality, so that injury might appear probable. Appellant himself testified on the trial of the case, contrary to what is stated to be·the expected testimony in said application, stating that a part of the liquor found in his possession when arrested, belonged to a part who lived in the town of Hillsboro, where the trial occurred, and no reason appears why his testimony was not produced. We think the application was properly overruled.

By bill of exception No. 1, appellant complains of a remark of the county attorney in his argument to the jury, to the effect that the State was justifiable in employing persons as witnesses, in order to apprehend a defendant, who had been so smooth as to pursue his course in violation of law, and evade other means of apprehension. No instruction in writing was requested by appellant to be given to the jury, telling them to disregard such remark. The lowest punishment permissible was given, and we are unable to see in what way appellant was injured by such argument. It is only by inference that such remark contains any statement which, in any event, could have been held injurious.

By his second bill, appellant sought to have the court instruct the jury that witnesses Carroll and Seely were accomplices. Both by statute and decisions, said witnesses were not accomplices. Art. 602, Vernon's C. C. P., Terry v. State, 46 Texas Crim. Rep., 75; Albright v. State, 73 Texas Crim. Rep., 116, 164 S. W. Rep., 1001; Fisher v. State, 81 Texas Crim. Rep., 568, 197 S. W. Rep., 190. From the evidence, it appears that Carroll was a detective, in the employ of the county attorney, and he procured the services of Seely; and both testified that many sales of liquor were made by appellant, which sales were promptly reported to the authorities. Further than to

purchase liquor from appellant, no effort of said witnesses to induce him to engage in said business, appears in the record.

Appellant's third bill is to the refusal of his application for continuance, which has already been discussed.

By his fourth bill of exceptions, appellant sought to have the jury instructed that it was not sufficient that he have liquor in his possession when arrested, and that he made several sporadic sales; also, that he must sell same as a business proposition, or as his principal business.

In his general charge, the trial court told the jury that in order to constitute this offense, it must be shown that such occupation, or business, occupied a part of the time and attention of appellant as a business or calling, pursued for the purpose of profit or gain. This is a sufficient and correct statement of the law, and it was not error to refuse said special charge. The statute requires that at least two sales be shown, and from the evidence it appears without any contradiction, other than the statement of appellant, that from thirty to fifty sales were made by appellant during the months of March and April.

The authorities citde by oppellant, are those by this Court, in which it is held that unless the business is followed as a business proposition, or for the purpose of gain or profit, and where only a few sporadic sales are shown, the evidence is not sufficient.

Requested charge No. 2, the refusal of which is complained of in Bill No. 5, was not called for by any evidence, and was fully covered by the main charge.

There was no error in refusing to compel the State's witness Carrell to testify what compensation he received for his work as a detective in the premises. The expectant answer, as disclosed by the bill of exceptions, would be that he received $5 per day, and his expenses, including money which was used to buy whisky. If said witness had been employed on a contingent basis, or if there appeared any evidence in the record showing that at the time he was before the jury in 1919, he had not yet been fully paid for his services rendered in 1917 in this connection, so that from said evidence there might arise a fair inference of pecuniary interest in the conviction, a different conclusion might be reached. Nothing of the kind is here shown, and we do not think it material, in view of the fact that it was admitted that he was employed by the county attorney to work up bootlegging cases, to show the amount of the compensation.

Appellant has also a bill complaining of the refusal of the trial court to permit him to show by the witness Earl Prior, that on one occasion when he bought liquor from appellant, he told appellant that he wanted it for the witness Seely, who was sick. Appellant emphatically denied making any sale to Prior, and we think if it is true that he did sell to said witness, it would be no justification or excuse

87 Tex.—10

that he sold same believing that it was for Seely who was ill. We do not think this would change the legal effect of such sale, if made.

Finding no error in the record, the judging of the trial court will be affirmed.

*Affirmed.*

MORROW, JUDGE, not sitting.