**EDMONDS et al. v. WHITE.    (No. 2340.)**

(Court of Civil Appeals of Texas. Texarkana.
Dec. 23, 1920. Rehearing Denied
Jan. 6, 1921.)

1. Pleading ⊜⟶111—Plaintiff, to sue in county on ground that fraud was perpetrated therein, need not prove the fraud.

On plea of privilege to be sued in a county in which one of the defendants lived, plaintiff to sustain the right to sue defendants in county in which the action was brought on the ground that it was an action for fraud, and that the fraud was perpetrated in such county, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 7, was not required to prove the fraud, but merely that a transaction which might constitute an actionable fraud occurred in the county where the suit was filed; the question of whether plaintiff sustained an injury from the perpetration of fraud and the extent of such injury being the matters to be determined in a trial on the merits after the issue of venue had been settled.

2. Pleading ⊜⟶111—Evidence held to prove right to bring action in county on ground that fraud was perpetrated therein.

In action for fraud, evidence on plea of privilege *held* sufficient to sustain plaintiff's right to bring action in county in which it was filed, on the ground that the fraud was perpetrated therein.

Willson, C. J., dissenting.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by Joe White against T. A. Edmonds and others. From an order overruling defendants' plea of privilege, the defendants appeal. Affirmed.

Keeney, Dalby & Smitha, of Texarkana, for appellants.

Dorough, Crumpton & Lincoln, of Texarkana, for appellee.

HODGES, J. This appeal is from the refusal of the trial court to sustain a plea of privilege. The appellee, Joe White, sued the Southland Oil Company, together with T. A. Edmonds, T. G. Williams, F. L. Shackelford, A. R. Bleakley, and W. G. McIntyre. It was alleged in the petition that the Southland Oil Company was a joint-stock association, organized and existing under a declaration of trust, with its principal office in Wichita county, Tex., with Bleakley as its secretary and treasurer; that Edmonds and McIntyre reside in Tarrant county, Williams in Palo Pinto county, and Bleakley and Shackelford in Wichita county. The suit is for the cancellation of a number of shares of stock in the Southland Oil Company and a recovery of the amount paid therefor. White alleged that he purchased $500 worth of stock, and that many other parties residing in Bowie county, whose claims he had acquired, purchased stock, for which they paid sums varying from $100 to $900. He alleges that he and those whom he represented were induced to purchase that stock by certain false and fraudulent representations made in Bowie county, Tex. The prayer is to recover the amount paid for the stock.

The individuals named as defendants above in due time filed a joint plea of privilege in statutory form, claiming the right to be sued in the county where one or more of them resided. The appellee filed a controverting affidavit, which, among other things, charged that the fraud made the basis of the suit was committed in Bowie county, and for that reason the venue was properly laid in that county. It is conceded that the proof shows that none of the appellants resided in Bowie county, and that the right to sue them in that county depends upon subdivision 7 of article 1830, Vernon's Sayles' Ann. Civ. St. 1914, which contains the following exception to the venue statute:

"In all cases of fraud, and in cases of defalcation of public officers, in which cases suit may be instituted in the county in which the fraud was committed or where the defalcation occurred, or where the defendant has his domicile."

After hearing the evidence upon the issue joined upon that plea, the court rendered a judgment sustaining its jurisdiction.

It is contended on this appeal that the evidence was insufficient to support a finding that a fraud had been committed in Bowie county. It seems to be conceded by counsel for both sides that in order to sustain the venue in a county other than that in which one or more of the defendants reside the plaintiff is required to prove that the fraud which constitutes the basis of his suit had been committed in the county where the suit was filed; the mere averment of that fact is not sufficient. White testified that some time during the year 1918 the defendants had an agent by the name of W. C. Case representing them and the Southland Oil Company in Bowie county, Tex.; that about that time the Burk Burnett Field, located 15 miles north of Wichita Falls contained a large number of producing oil wells. In that vicinity was a strong producing well called the "Fowler Well." Case represented to White and others to whom he sold stock while in Bowie county, Tex., that the appellants and the Southland Oil Company owned the mineral rights in a 14-acre tract within 1,800 feet of the Fowler well, and showed him correspondence from some of the defendants to that effect, and also exhibited a map showing the holdings of the Southland Oil Company, and which he (Case) represented was correct. According to that map, the 14-acre tract referred to was within the distance represented by Case. White testified that upon those repre-

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sentations he bought and paid for stock to the amount of $500. He afterwards ascertained that those representations in part were false; that the 14-acre tract was more than 4,000 feet from the Fowler well. He says:

"After this thing exploded, I made a trip out to Wichita Falls to make an inspection. * * * I found the original Fowler well. I did not find any tract of land belonging to these defendants and belonging to the Southland Oil Company within 1,700 or 1,800 feet of the Fowler well; it was 4,037 feet from the Fowler well."

He also testified that he made an examination to see whether or not a well had been drilled 2,000 feet deep on the 14-acre tract, as Case had stated to him' would be done. He found one well abandoned, and another, only about 900 feet deep, and that abandoned also. The only other testimony offered in the trial below was that of W. C. Case, the agent, who admits that he sold the stock to White and others in Bowie county, collected the money, and transmitted it to the appellants. He denies, however, that he made any misrepresentations, or was authorized to make any representations, other than those contained in the written contract of sale.

[1] The contention is here made that the evidence was insufficient because it failed to show that the stock of the Southland Oil Company was, at the time suit was filed, worth less than what the purchasers paid for it; in other words, it is contended that the testimony fails to show any injury resulting from the transaction, even if it be a fraudulent one. Such additional evidence would undoubtedly be required in order for the plaintiff in a final trial to recover damages, or to have a rescission of his contract. Blair v. Baird, 43 Tex. Civ. App. 134, 94 S. W. 116; Moore v. Cross, 87 Tex. 557, 29 S. W. 1051. But in determining the question of venue only, we do not think the plaintiff is required to prove all the facts essential to support a final judgment in his favor upon the merits of the case. If the suit is based upon a fraud, he may sue in the county where the fraudulent act was committed, and there try his right to recover his damages, or any appropriate relief to which he may be entitled. When the plaintiff introduces proof of a transaction which may constitute an actionable fraud, and shows that this transaction occurred in the county where the suit is filed, he has furnished all the essentials required to support a judgment sustaining the venue. It is not necessary that the evidence establish facts other than those which the particular judgment is to determine. In this instance the question is, Where was the fraud committed? In other words, Where did the fraudulent transaction take place? When the fact is ascertained the court is prepared to render a judgment designating where the issue of liability shall be tried. The law will not require the court to render a useless judgment or to determine an unnecessary issue, yet that might easily result if the rule contended for by the appellants be applied. If in this case proof of an injury is essential to sustain the venue after it has been shown that the fraudulent acts were committed in Bowie county, then the defendants would have a right to join issue upon the question of injury alone, and might secure a judgment in their favor upon that ground alone. The court then would be required to order a transfer of the case to another county for the sole reason that no cause of action had been shown by the plaintiff. This would be the rendition of an unnecessary judgment—ordering a transfer for trial because there was no merit in the case. In passing upon the issue involved in a plea of privilege, the court can only determine where a trial of the rights of the parties shall take place. It is unnecessary at that stage for the court to ascertain whether or not a cause of action can be shown by the evidence, for the reason that no appropriate judgment upon that issue can then be rendered. Whether or not the plaintiff sustained an injury from the perpetration of the fraud and the extent of that injury are matters to be determined in a trial upon the merits, after the issue of venue has been settled.

[2] We are further of the opinion that there is some evidence in this case tending to show that the stock of the Southland Oil Company became valueless. It may not be sufficiently strong to form the basis of a judgment entitling the appellee to recover back the consideration paid for the stock, but it is sufficient to show that the transaction relied upon may have been so injurious in its character as to authorize such a judgment.

The judgment is affirmed.

WILLSON, C. J. (dissenting). I think the word "fraud," as used in subdivision 7 of article 1830, Vernon's Statutes, means fraud the law takes notice of, because it resulted in injury to the person on whom it was practiced. Therefore I do not agree that it was not necessary for appellee, to sustain the right he asserted to maintain his suit in Bowie county, to show he was injured as a result of reliance he placed on the truth of the representations he alleged appellants made to him, and which, he further alleged, were false. But I agree the judgment should be affirmed on the other ground stated in the opinion above; that is, because there was testimony from which it might be inferred appellee suffered injury because of his reliance on the truth of the representations.