## WESTERN ELECTRIC COMPANY v. R. J. WILSON.

No. 4884.   Decided November 30, 1927.
(299 S. W., 868).

*Thompson, Knight, Baker & Harris* and *Adair Rembert,* for plaintiff in error.

Where the trial court enters its order and judgment overruling a defendant's plea of privilege to be sued in the county of its residence, on a hearing had of the plea of privilege prior to the trial of the cause on its merits, it is permissible for the defendant in error to bring said judgment and order of the trial court to the Court of Civil Appeals for review by the writ of error proceeding.   Rev. Stats., Art. 2008; Comer v. Landrum, 277 S. W., 743; Bennett v. Rose, 226 S. W., 143; Cheek v. Rogers, 1 Texas, 439; Lucketts v. Townsend, 3 Texas, 119; San Antonio & A. P. Ry. Co. v. Blair, 108 Texas, 434; Humble Oil & Ref. Co. v. Andrews, 279 S. W., 300; Harle v. Langdon's Heirs, 60 Texas, 565.

*Sullivan, Speer & Minor,* for defendant in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

Certified question from the Court of Civil Appeals for the Second Supreme Judicial District.   The facts contained in the certificate, so far as material to the question certified, are substantially as follows:

The appellee, R. J. Wilson, brought this suit in the District Court of Denton County against the appellant, the Western Electric Com-

pany, to recover damages and to cancel a certain note executed by the appellee to the appellant. The Western Electric Company is a corporation organized under the laws of New York, with permit to do business in Texas, and has its office and principal place of business in Dallas County, Texas. In due time, the said company filed its plea of privilege of being sued in Dallas County. Controverting affidavit having been duly filed by Wilson, the plea of privilege was heard on April 22, 1926, and the trial court on that date entered judgment overruling the plea. From this judgment the Western Electric Company gave notice of appeal; and on July 26, 1926, filed in the trial court its petition and writ of error bond, and thereafter filed a transcript and statement of facts in the Court of Civil Appeals in the time and manner prescribed by law for the prosecution of writs of error. The last named court dismissed the writ of error proceedings on the ground that the law does not authorize the writ of error as a means of prosecuting the appeal from the judgment of the trial court overruling the plea of privilege. The Court of Civil Appeals now submits the certified question, asking, in effect, if the action of that court in dismissing the writ of error proceedings on the ground stated was correct.

It has been repeatedly held that the writ of error is but a mode of appealing a cause. Upon this holding, counsel base the contention that the right of appeal from a judgment sustaining or overruling a plea of privilege, which is accorded by Art. 2008 of the Statutes of 1925, embraces the writ of error as a mode of prosecuting the appeal. Whatever might be the rule under a statute which provides for an appeal from final judgments without naming the writ of error as a mode of prosecuting same, as was the case with Art. 2249 of the Rev. Stats., of 1925, before its amendment by the Fortieth Legislature, there can be no doubt that the writ of error is not available in prosecuting an appeal in this proceeding. For even if the interlocutory character of the proceeding should be regarded as insufficient of itself to exclude the thought that the Legislature intended the writ of error to lie, sufficient ground for such exclusion is found in the provisions of the statutes relating to the hearing of the plea of privilege by the trial court, when those provisions are considered in the light of the dilatory nature of the plea. Viewed in that light, those provisions reveal unmistakable evidence of the legislative purpose to provide means for a speedy hearing and determination of the plea in the trial court, in advance of a trial of the case on the merits; and it is not to be supposed from this, in the

absence of language to the contrary, that the Legislature intended, in granting the right of appeal, to open the door to the unnecessary delay which the mode of appeal by writ of error is capable of intruding.

The Court of Civil Appeals did not err in concluding that the writ of error is not available as a mode of prosecuting an appeal from the judgment of the trial court overruling the plea of privilege; and the judgment of dismissal entered by the Court of Civil Appeals was proper. We recommend that the question certified be so answered.

The opinion of the Commission of Appeals answering the certified question is adopted; and ordered certified.

*C. M. Cureton,* Chief Justice.