**HIGGINBOTHAM-BAILEY-LOGAN CO. v. HANCOCK et ux. (No. 413.)**

Court of Civil Appeals of Texas. Eastland.
March 9, 1928.

Rehearing Denied April 6, 1928.

Appeal and error &#9756;5—Judgment overruling plea of privilege cannot be appealed from by writ of error (Rev. St. 1925, art. 2008).

Right of appeal from judgment overruling plea of privilege, accorded by Rev. St. 1925, art. 2008, does not include right to appeal by writ of error.

Error from District Court, Haskell County; Bruce W. Bryant, Judge.

Action by T. H. Hancock and wife against the Higginbotham-Bailey-Logan Company. Judgment overruling plea of privilege, and defendant brings error. Proceedings by writ of error dismissed.

Read, Lowrance & Bates, of Dallas, for plaintiff in error.

Ratliff & Ratliff, of Haskell, for defendants in error.

HICKMAN, C. J. The judgment under review overruled the plea of privilege of plaintiff in error to be sued in Dallas county, the county of its residence. The two exceptions to exclusive venue in the county of one's residence, relied upon by defendants in error in their controverting plea, are subdivisions 4 and 14 of article 1995, R. S. 1925. We shall consider in this opinion subdivision 14 only, which reads as follows:

"*Lands.* Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, my lie."

In their original petition, defendants in error, who were plaintiffs below, and will be so designated here, alleged: That they were husband and wife, and were the owners of a certain lot and building thereon situated in the city of Haskell, which was and had been for many years their business homestead. That defendant was engaged in the wholesale dry goods business at Dallas. That in 1925 plaintiff T. H. Hancock and defendant M. H. Hancock, doing business under the name of Hancock & Co., had become indebted to defendant, Higginbotham-Bailey-Logan Company. That said defendant was urging plaintiffs to give it a lien on their said homestead to secure said indebtedness, and procure additional credit for Hancock & Co., and that said defendant advised, suggested, and procured plaintiffs to make a deed to such property to their son, M. H. Hancock, in which deed a lien was retained to secure a $5,000 first lien note and a $10,000 second lien note, the said first lien note to be assigned to said defendant, after which the said property could be reconveyed to plaintiffs. The petition alleges that all the things suggested by said defendant were done, including the reconveyance by M. H. Hancock to plaintiffs, in which deed of reconveyance the $10,000 second lien note was canceled and plaintiffs assumed the payment of the $5,000 note then owned by said defendant. The allegation is made that said defendant was aware of all the facts in connection with the execution of the said $5,000 note, and was aware at all times that the sale was a sham, simulated for the sole purpose of attempting to create a lien on their homestead, and that said transaction was advised, suggested, and procured by said defendant. The prayer is for a judgment removing the incumbrance from their title, for the quieting of their title, that said note and lien securing same be canceled and held for naught, and that the cloud cast upon the title to said property be removed, etc.

The nature of the cause of action is clearly within the language of exception 14 above quoted, particularly that portion thereof as follows: "To remove incumbrances upon the title to land, or to quiet the title to land." The uncontradicted evidence offered by plaintiffs establishes that the land is situated in Haskell county. Since the statute above quoted provides that suits of this character must be brought in the county in which the land or a part thereof may lie, the conclusion readily and necessarily follows that the plaintiffs have the right to try this case on its merits in Haskell county.

To our minds this question is not involved in difficulties; but, since able counsel for defendant entertain views of the law so far at variance with the view above expressed, we think it due them that we state our reasons for the above conclusion at greater length. It is the contention of defendant that it was incumbent upon plaintiffs to prove, by a preponderance of the evidence, or at least to introduce sufficient evidence to make out a prima facie case of their right to have this alleged incumbrance removed from their land. Just how such theory could be built upon our statutes, we are unable to understand. When a controverting plea to a statutory plea of privilege is filed, showing that the plaintiff relies upon a particular exception of article 1995 to sustain venue in the trial court, the merits of the controversy are not thereby put in issue, but only such facts as are necessary to show that plaintiff's case comes clearly under such exceptional provision. In cases of trespass to try title or suits to remove incumbrance upon the title to land, there can be but two questions put in issue on a plea of privilege; namely, the nature of plaintiff's cause of action and the location of the land. The best evidence of the nature of the cause of action in a suit of that character is the pleading itself. What more proof should plaintiff be required to make in order to maintain venue than that his action is clearly one of trespass to try title, or to remove an incumbrance, and that the land is situated in the county where suit is filed? Nothing short of proof of these facts would hold the venue, and we can conceive of nothing more as being required.

The confusion has arisen because of the nature of certain exceptional provisions. For illustration: Exception 7 permits suits based upon fraud to be brought in the county in which the fraud was committed. In a case where this particular exceptional provision is relied upon in the controverting plea, the applicability of that provision is directly brought in issue in the hearing on the plea of privilege. It might require a greater quantum of proof to establish that a fraud was committed in a county than that land was situated in a county. In making proof of the fact that a fraud was committed in a particular county in which suit was filed, a plaintiff must necessarily make out a prima facie case of fraud. This is required, not on the

ground that a plaintiff must make out a prima facie case to recover on the merits in order to sustain venue, but upon the ground that the plea of privilege and controverting affidavit have put into issue a fact; namely, Was a fraud committed in a particular county? The logic of the situation might lead to the conclusion, as an original proposition, that a plaintiff would have to prove that fact by a preponderance of the evidence; but it seems to be well established that, although the burden is upon him to establish his right to bring the defendant away from his home to answer to a suit, yet that burden is discharged by proof that a transaction which probably constitutes an actionable fraud occurred in the county where the suit was filed. Probable fraud seems to be as much as a plaintiff is required to prove in that case. Edmonds v. White (Tex. Civ. App.) 226 S. W. 819; Kelly et al. v. Britton et al. (Tex. Civ. App.) 240 S. W. 1114; First National Bank of Jacksonville v. Childs (Tex. Civ. App.) 231 S. W. 807.

What has been stated regarding exception 7 applies to other exceptions, as, for instance, exception 4, where venue is sought to be fixed in a county where one of the defendants resides. In such case it would clearly be necessary for plaintiff to prove, not only that one of the defendants resides in that county, but also to introduce sufficient evidence to show that he has a prima facie cause of action against the resident defendant, on which such resident defendant could properly be joined with a nonresident defendant in one suit. This evidence is not required for the purpose of showing that a plaintiff would likely win on the merits, but for the purpose of establishing a fact put in issue by the plea of privilege and controverting plea. It is not the purpose of the law to have a case tried twice on its merits, the first time to determine venue, and the second time to obtain final judgment. This question is discussed clearly and forceably by Justice Phillips in the case of I. & G. N. Ry. Co. v. Anderson County, 106 Tex. 60, 156 S. W. 499.

Attention is called to the case of Greenville Gas & Fuel Co. v. Commercial Finance Co. (Tex. Com. App.) 298 S. W. 550. We think the decision in that case is in entire harmony with what we have stated in this opinion. Just before that decision was reported, this court had the identical question decided therein before it in the case of Ketner v. Radford Grocery Co., 299 S. W. 680. We arrived at the same conclusion as that arrived at by the Commission of Appeals. In those cases

4 S.W.(2d)—37½

the exception relied on was No. 5, providing that a person may be sued in a county in which he has contracted in writing to perform an obligation. The fact issue in controversy under this exception is whether the defendant signed a contract in writing performable in the particular county. Clearly, in order to hold a defendant to answer a suit in a county not his residence under this exception, the plaintiff must establish the fact, or, at least, introduce evidence making prima facie proof of the fact that the defendant did in fact execute the written instrument declared upon. Incidentally, some phases of the merits of the case will have to be inquired into in order to establish this fact, and a determination of the fact that a signature was not authorized is indicative of the probable results on the trial of the case on its merits; but that is immaterial to a decision in a trial on a plea of privilege. We believe the cases may be harmonized by bearing in mind that the merits of the controversy are put in issue in a trial on a plea of privilege in those cases only where the applicability of the provisions of the particular exception relied upon can be shown in no other way.

To return to the case at bar, we have a record in which the plaintiffs went farther than we think they were required by law to go, and introduced evidence upon the hearing of the plea of privilege, showing prima facie a right to remove the incumbrance, unless the evidence creates an estoppel against them. Campbell et al. v. Crowley (Tex. Civ. App.) 56 S. W. 373.

We deem it improper, in view of a trial of this case upon its merits, to comment upon this evidence or express an opinion thereon.

The judgment of the trial court overruling the plea of privilege will be affirmed.

### On Motion for Rehearing.

In considering this case on motion for rehearing, it became impressed upon our minds for the first time that it had been brought here by writ of error. The right of appeal from a judgment overruling a plea of privilege accorded under article 2008, R. S. 1925, does not include the right to appeal by writ of error. Western Electric Co. v. Wilson (Tex. Com. App.) 299 S. W. 868.

The order heretofore entered affirming the judgment of the trial court will therefore be set aside by the court on its own motion, and judgment will be entered, dismissing the proceedings by writ of error.