## McCOLLUM et al. v. TUDOR.

### No. 13466.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 18, 1936.

Hyder, Gleeson & Simon, of Fort Worth, for plaintiffs in error.

Cecil A. Morgan, of Fort Worth, for defendant in error.

BROWN, Justice.

This is an appeal from an order of the trial court sustaining a plea of privilege. The controverting affidavit was not filed by the plaintiff, who has appealed, within the time prescribed by the statutes. Before any controverting plea was filed, and after the lapse of the statutory period for filing same, the defendant below, by his counsel, appeared and called his plea of privilege to the attention of the trial court and requested that same be sustained and the cause transferred to the county of his residence, in view of the fact that his plea had not been controverted. When this demand was made, the trial court caused plaintiff's counsel to be called to court, in connection with the matter, and, when such counsel appeared, he advised the court that he did not know the plea of privilege had been filed; that he had relied upon the district clerk's office to give him the information, having telephoned the clerk's office and made inquiry concerning the filing of the plea of privilege, and having been advised that nothing had been filed, and counsel asked leave of the court to file his plea.

The trial court then made an order continuing the hearing on the plea of privilege to a day certain, and permitted the controverting plea to be filed, but specifically stated in his order that it was done without prejudice to the rights of any and all parties to the cause.

The defendant strenuously opposed all such proceedings, and, when the matter was finally heard, the defendant continued to contest the right of the plaintiff to file his controverting plea at such late date, and insisted upon the trial court sustaining the plea of privilege.

The controverting plea was stricken from the files, the plea of privilege sustained, and the cause ordered transferred to the county of the residence of defendant, the trial court specifically finding that

the plaintiff had shown no good cause for not filing his controverting plea within the statutory period.

We are familiar with the holding by the Commission of Appeals in the case of Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.(2d) 978, to the effect that under certain circumstances a trial court may properly allow "for good cause shown" a contest of a plea of privilege. In that case no effort was made by the defendant to have his plea acted upon at that term of court to which it was properly filed.

In the instant case, the defendant has filed his plea of privilege at the proper time and has waited until the statutory period for filing a controverting·plea has passed, and, having exercised such diligence as is required of him, urging the trial court to sustain his plea during the term at which it was filed, he has done everything that was required of him to protect his rights. The law favors the diligent, and should so do, in the case before us.

Counsel for the defendant in the instant ·case did nothing to mislead either the trial court or plaintiff's counsel with respect to the plea of privilege, which was properly styled and timely filed. Neither did he fail in any respect to protect the rights of defendant, and he did not delay the matters at hand. The case of Younger Bros., Inc., v. Power (Tex.Civ.App.) 92 S.W.(2d) 1147, is, therefore, also not in point; nor is Brown Cracker & Candy Co. v. Jensen (Tex.Civ.App.) 32 S.W.(2d) 227.

■ Plaintiff in error's contention that the trial court, under the undisputed facts, erred in holding that he did not show good cause why his plea was not sooner. filed and in striking his plea, is not well taken. But under the record before us it is not necessary to pass upon this particular issue.

It appears that the action of the court from which this appeal is taken was had on November 4, 1935, and that the appeal bond was filed within the statutory period to perfect the appeal, on December 4, 1935, but the transcript was not delivered to plaintiff in error until January 28, 1936, 85 days after the judgment was entered. Fearing that he was too late, a writ of error was sued out and the transcript comes before us with the appeal bond filed

as above stated, and a writ of error bond filed January 20, 1936.

■ The defendant in error raises two issues in support of his motion to dismiss. In the first place, he contends that, so far as the appeal is concerned, no motion having been timely filed by the appealing party for an extension of time within which to file the transcript in the Court of Civil Appeals, this court is without authority to permit the filing thereof. The Commission of Appeals in Hunter v. Moore, 122 Tex. 583, 62 S.W.(2d) 97, holds that a Court of Civil Appeals cannot consider a motion to extend the time for filing a transcript if the motion be filed after the statutory period prescribed for its filing. This case is followed by Mutual Protective Association of Texas v. Dickerson (Tex. Civ.App.) 64 S.W.(2d) 407, writ refused.

No effort having been made on the·part of plaintiff in error to secure permission to file the transcript within the 75-day period prescribed by Article 1839, Rev.Civ. Statutes, as amended by Acts of the 43rd Legislature, c. 67 (Vernon's Ann.Civ.St. art. 1839), we are without authority ˙to consider the same.

■ ˙ The last point raised by the defendant in error is that an appeal may not be taken from the order of the trial court on a plea of privilege by writ of error. This also has been definitely settled. See Western Electric Co. v. Wilson, 117 Tex. 203, 299 S.W. 868, by the Commission of Appeals.

Accordingly, we sustain the contention of the defendant in error that the appeal must be dismissed.