**GRAY et al. v. ADOLPH.**

No. 3300.

Court of Civil Appeals of Texas. Beaumont.

May 19, 1938.

Rehearing Denied May 25, 1938.

Howth, Adams & Hart, of Beaumont, and M. M. Feagin, of Livingston, for plaintiffs in error.

Collins & Collins, of Lufkin, and Z. L. Foreman and E. E. Cochran, both of Livingston, for defendant in error.

WALKER, Chief Justice.

This appeal is by writ of error, but the parties will be referred to as appellants and appellee.

On the 28th day of October, 1934, appellee, Joe Adolph, and his wife and children were passengers in an automobile owned and driven by Colby Galloway; attached to the automobile was a trailer loaded with three horses owned by appellee. The contract of transportation between appellee and Galloway made them joint adventurers. Driving his car on the right-hand side of the highway, over a hill, Galloway collided with a truck and trailer parked on the right-hand side of the highway, about fifty feet from the top of the hill; in the collision appellee was seriously injured, and one of his horses was killed. This suit was brought by him against Roy Gray, Mrs. Bess Gray, Louis Bright, J. C. Wriggley, and others, alleging that, at the time of the collision, they owned and were operating, as partners, the truck with which Galloway's car collided. For cause of action appellee plead the following facts, found by the jury in its verdict: (1) The truck and trailer with which Galloway collided was parked upon the paved portion of the highway; the truck and trailer "could have been * * * parked * * * off the paved portion of the highway"; and "the parking" of the truck and trailer "on the paved portion of the highway was a proximate cause of the collision of said vehicles." (2) At the time of the collision, "a clear view" of the truck and trailer "could not be obtained from a distance of 200 feet from the rear" of the truck and trailer; this was a proximate cause of the collision. (3) The collision happened "more than half an hour after sunset"; the truck and trailer "had a width * * * in excess of seventy inches"; at the time of the collision the truck and trailer "did not have a red or yellow light visible under normal atmospheric conditions from a distance of 500 feet to the rear of said vehicle"; this was a proximate cause of the collision. It was further alleged that the acts of appellants, as found by the jury, were in violation of sections 9 and 10 of article No. 827a of the Vernon's Annotated Penal Code, and, therefore, these acts constituted "legal negligence." (4) The jury valued appellee's horse, killed in the collision, at $1,000.00, and awarded him damages for his personal injuries in the sum of $14,000.00. On the defensive issues the jury found: (1) Appellee did not fail "to use

ordinary care to keep a lookout for motor vehicles on the highway * * * as he approached the truck and trailer that he collided with." (2) At the time of, or immediately before the collision, appellee was riding in the car "with his arm resting in the window of the car and his elbow protruding out." The jury found that this did not constitute negligence on the part of appellee, and that it was not a proximate cause of his injuries. (3) The driver of the automobile in which appellee was riding at the time of the collision, by the use of ordinary care and by the use of the brakes and appliances with which the car was equipped, "could not have stopped it in time to avoid colliding with the truck and trailer"; the failure of the driver to stop the car "in time to avoid the collision" was not negligence and was not "a proximate cause of the collision." (4) The driver of the car "by keeping a proper lookout" could not have discovered the truck and trailer "in time to avoid the collision." His failure to discover the truck in time to avoid the collision was not negligence and was not a proximate cause of appellee's injuries. (5) The driver of the car in which appellee was riding was not guilty of negligence in failing "to turn to his left sufficiently" to avoid colliding with the truck; and his "failure to turn more to the left so as to avoid the collision" was not a proximate cause of appellee's injuries. (6) At the time of the collision, a car was being driven from the south towards the truck and trailer and the car in which appellee was riding; the jury found that this car was not "the sole proximate cause of the collision," and of appellee's injuries. (7) The jury found that the collision was not the result of an unavoidable accident.

On the verdict of the jury, judgment was entered in appellee's favor against appellants, Roy Gray, J. C. Wriggley, and Louis Bright, jointly and severally, for the sum of $15,000.00, and in favor of the defendant, Mrs. Bess Gray; the other defendants were dismissed from the suit. From that judgment appellants have duly prosecuted their appeal to this court.

Appellants filed separate pleas of privilege to be sued in Hidalgo County, the county of their residence. Appellee filed his controverting affidavit pleading the facts found by the jury, and claiming venue in Polk County under section 9 of article No. 1995, V.S.C.S. reading,

"Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

On the 24th day of May, 1934, on trial of the pleas of privilege to the court without a jury, the pleas were overruled, to which appellants excepted but they did not give notice of appeal. Immediately after the entry of his order overruling the pleas of privilege, the court called the case for trial on its merits and, as stated above, final judgment was entered against appellants.

■ Appellants make the ruling on their pleas of privilege the basis of their third assignment of error. On the counter proposition that an appeal from an order overruling a plea of privilege must be by direct appeal and not by writ of error, supported by Cocke v. Page, Tex.Civ.App., 12 S.W.2d 599; Western Electric Co. v. Wilson, 117 Tex. 203, 299 S.W. 868; McCollum v. Tudor, Tex.Civ.App., 100 S.W. 2d 739, appellee contends that we can not review this assignment. This proposition has no application where the appeal is not prosecuted from the order overruling the plea of privilege, but from the final judgment on the merits, as appellants have prosecuted this appeal, entered at the same term of court as the order overruling the plea of privilege. 42 Tex.Jur. 887; 3 Tex. Jur. 1020; Note 2 Tex.Law Review, 376. We have jurisdiction of this assignment.

■ Under their third assignment, appellants advance the proposition that the court erred in overruling their pleas of privilege for the reason that "the evidence indisputably showed that Roy Gray was the sole owner of the truck and that the truck was not left upon the highway deliberately in violation of any penal statute of the state, but that said truck was stalled by reason of trouble with the motor, which developed suddenly and unavoidably, and which prevented the truck and trailer attached thereto being moved off the paved portion of the highway." The following undisputed facts, together with the facts found by the jury, control this assignment and its disposition: At the time of the collision the truck and trailer were owned by appellant, Roy Gray, and were being operated for him by one of his servants, not a party to this suit; the other appellants were in no way interested in the ownership or the operation of the truck and

trailer. After driving over the hill, the servant parked the truck and trailer about fifty feet from the top of the hill, stopped by engine trouble. He could have parked off the concrete, but parked about half off and half on. Appellant Gray was operating his truck and trailer on the public highway without tail lights and without equipment for tail lights. On this point we quote the testimony of Z. L. Foreman:

"Q. Mr. Foreman, getting back to the rear end of that truck, did you examine the truck with reference to the condition of the lights on the rear end of the trailer? A. Yes, sir, and had two flashlights to do it with.

"Q. What was the condition of the lights there? A. There wasn't any lights on the rear end of it.

"Q. Any light bulb there? A. No, sir, and Mr. Miller and Mr. Holliday and Mr. Driscoll and myself examined it, and we examined the left-hand corner, and there wasn't even any wire that went to that end."

Appellant Gray, the owner and operator of the truck and trailer, was present at Center, Texas, on the morning they were loaded to be driven to Houston, and followed them out of Center on their trip to Houston. He testified:

"Q. Do you recall having heard of a collision which occurred in Polk County, Texas, on Sunday, October 28th, 1934, just after dark, or just at dusk dark, when a truck which was being used by your Company to transport some of the property or machinery of the Big State Shows from Center to Houston was involved with an automobile, or motor vehicle in which one Joe Adolph, who was hauling some race horses, was also involved? A. I am not familiar with the name, but I knew about the accident. I came along just after it happened.

"Q. Did you see the two vehicles that were involved in the collision? A. I saw the three vehicles; my truck, their trailer and the car."

This testimony also establishes the fact that appellant Gray knew that he was operating his truck without tail lights and without equipment for tail lights.

These facts convict appellant Gray—a conclusion we draw in support of the judgment of the lower court—of operating his truck and trailer on a public highway in violation of section 9 of article No. 827a,

"Every motor vehicle, other than any road roller, road machinery or farm tractor, having a width at any part in excess of seventy (70) inches shall carry two clearance lamps on the left side of such vehicle, one located at the front and displaying a white light visible under normal atmospheric conditions from a distance of five hundred (500) feet to the front of the vehicle, and the other located at the rear of the vehicle and displaying a red or yellow light visible under like conditions from a distance of five hundred (500) feet to the rear of the vehicle, both of which lights shall be kept lighted while any such vehicle is upon the highway from one-half hour after sunset to one-half hour before sunrise. * * *

"Every owner, driver or operator of a vehicle while it is upon the main traveled portion of the highway during the period from one-half hour after sunset to one-half hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible any person upon the highway from a distance of at least two hundred (200) feet ahead, shall keep lighted all lamps or lighting devices with which such vehicle is required to be equipped, whether the vehicle is in motion or not," an "offense" as that term is used in section 9 of article No. 1995; the parking of the truck and trailer on the side of the road was incidental to, and a part of, its operation, and was an element of the violation of the Penal Code. True, the parking was done by Gray's servant but, under the facts, Gray was a principal with his servant in the violation of the law. In misdemeanor cases there is no distinction between principals and accomplices; all who participate in any way are treated as principals. Albright v. State, 73 Tex.Cr.R. 116, 164 S.W. 1001; Latham v. State, 81 Tex.Cr.R. 566, 196 S.W. 839. Being a principal, venue was properly laid against Gray in Polk County, where the offense was committed. Murray v. Oliver, Tex. Civ.App., 61 S.W.2d 534.

Appellee does not rest his venue upon "trespass"—the mere parking of the truck and trailer on the side of the road within the rule announced in Crain v. King, Tex. Civ.App., 62 S.W.2d 164; Brown v. Calhoun, Tex.Civ.App., 22 S.W.2d 757. But on the issue of "offense" as that term is used in section 9 of article No. 1995, which the facts clearly established.

126

■■ Appellee says that the other appellants, Bright and Wriggley, can not complain of the judgment against them on the conclusion of partnership, because the alleged partnership was not denied under oath. The pleas of privilege put in issue every venue fact; Chambers v. First National Bank, Tex.Civ.App., 104 S.W.2d 58. The defendants were not partners, and, except Roy Gray, they had no interest in the truck and trailer nor in their operation. The court erred in overruling the pleas of privilege of appellants, Bright and Wriggley.

■ The fact that appellee was riding in the automobile "with his arm resting in the window of the car and his elbow protruding out" did not convict him of negligence as a matter of law, and, on that ground, appellants were not entitled to an instructed verdict. That issue was submitted to the jury as a ground of contributory negligence and found in appellee's favor. Had appellee been injured by the "sideswipe" of a passing car, we would have a different proposition..

■ Appellants complain that the court erred in refusing to submit to the jury the issue, requested by them, whether or not the failure of the driver of the car "to stop in time to avoid the collision contributed to cause" appellee's injuries, and whether or not his failure to discover the truck in time to avoid the collision contributed to cause appellee's injuries. These issues were submitted to the jury as issues of contributory negligence and found in appellee's favor.

■ On the issue of the value of his horse, appellee alleged that he was the "owner of a race horse named Broken Box, which was of the value of $1,000.00, and which said animal was so damaged and injured in said collision, having suffered a broken shoulder, that he has ever since been worthless and of no value whatsoever to plaintiff, and as a result thereof plaintiff has suffered damages in the sum of $1,000.00 on account of the injuries to said horse." This pleading and the evidence in its support raised the issue of "market value" of the horse, and on that point the court did not err in submitting the reasonable·cash market value of the horse immediately before the collision and immediately after the collision.

■ In submitting groups of questions on the issues of negligence and of contributory negligence, and only on these issues, the court charged the jury, if they answered the preceding question "yes," and only in that event, to answer the following question. To this manner of submitting the issues appellants reserved the following exception:

"The defendants except to the special issues as a whole for the reason that when the Court tells the jury in said special issues that if they answer certain special issue in a certain way, they need not answer the following special issue, and if they answer the same is equivalent to telling the jury the effect of their answers, and constitutes a guide to the jury as to how to answer the issues so as to constitute a verdict for the plaintiff."

On authority of Perkins v. Nevill, Tex. Com.App., 58 S.W.2d 50, Judge Harvey writing the opinion for the Commission of Appeals, appellants' exception is overruled.

We overrule the assignment that the verdict for $14,000.00 in favor of appellee for personal injuries was excessive. The following is the only statement made by appellants in support of this assignment:

"The defendant in error was engaged in showing race horses at the time of his injury and earned an average of $6.00 per day. After the injury he has earned $3.00 showing ponies and $1.00 looking after feeding horses.

"Dr. Dameron testified that the defendant in error has ankylosis of the right elbow, and that he can't bend it any more than fifty per cent. Defendant in error is fifty-two years old."

Appellee has quoted from the record fifteen pages of testimony which reasonably support the verdict.

The judgment of the lower court in favor of appellee, Joe Adolph, against appellant, Roy Gray, for the sum of $15,000.00, with interest at 6% per annum from date of judgment is affirmed; the judgment against J. C. Wriggley and Louis Bright is reversed and remanded with instructions to the lower court to transfer this case, in so far as it relates to them to Hidalgo County. In all other respects the judgment of the lower court is affirmed.

Affirmed, in part reversed and remanded with instructions.