### CRAIN v. KING.
### No. 2856.

Court of Civil Appeals of Texas. El Paso.
June 15, 1933.

Rehearing Denied June 29, 1933.

J. S. Simkins, of Corsicana, for appellant.

Lem Wray and W. D. Colvin, both of Waxahachie, for appellee.

WALTHALL, Justice.

The questions presented here arise on a plea of privilege.

Appellee, J. D. King, Jr., brought this suit in the justice of the peace court of precinct No. 3, of Ellis county, against appellant, W. E. Crain, to recover damages in the sum of $150, alleged to have been occasioned to his automobile by reason of the negligence of Crain's truck driver parking Crain's truck at night on the highway near Garrett, in Ellis county, in such manner as to cause his (Crain's) automobile to collide therewith.

Crain presented his plea of privilege to be sued in justice precinct No. 1 of Navarro county, the precinct and county of his residence.

Appellee filed in said cause his controverting plea. The issues joined on the plea were heard in the justice court in Ellis county, resulting in the overruling of said plea. The case was duly appealed to the county court and there tried and the plea overruled. The case is now properly before this court.

Opinion.

Appellant's verified plea of privilege is regular and sufficient in form, stating his residence and principal place of business at all times involved here to be in justice precinct No. 1, Navarro county, and negatived all the exceptions to the exclusive venue statute.

Appellee filed a controverting plea, and subsequently, and in due time, filed his amended controverting plea to appellant's plea of privilege. The amended controverting plea embraced the original plea and submits that the Ellis county court has jurisdiction "because it is a suit for damages for trespasses committed in Justice Precinct No. 3, in Ellis County, Texas, by acts of the defendant which constitutes a violation of article 798 of the Penal Code of Texas, coming under section 9, art. 827a of the Venue Statute."

"And the plaintiff would further show unto the court that the defendant, W. E. Crain, was operating and causing to be operated upon the highway in Justice Precinct No. 3, Ellis County, Texas, a truck used in transporting produce, etc., at about 8:15 P. M., October 29th, A. D. 1930, and that the driver of said truck through negligence and in violation of the Penal Law of Texas, stopped said truck in a place upon said highway in Garrett, Texas, and permitted said truck to remain stopped in a dark place without the lights on and without signals, and by his negligence and violation of said Penal Statute was the cause of the collision complained of by the plaintiff, and said collision occurred at a place upon the highway leading from Ennis to Dallas at Garrett, Texas, in Justice Precinct No. 3, of Ellis County, Texas."

The contesting plea further represents that the justice of the peace of precinct No. 3, Ellis county, was duly elected, etc., and was in no way disqualified to try the cause, and that the cause does come under the exceptions to the exclusive venue in the county of one's residence provided by law.

Plaintiff in his controverting plea further answered by general demurrer.

The controverting plea is verified.

The trial court heard the evidence and overruled appellant's plea of privilege. The

court filed findings of fact and conclusions of law.

The court found:

"That appellee, on October 29th, 1930, in the night time, while driving upon the highway in and near the town of Garrett, Ellis County, Texas, in Prec. No. 3, in proper manner, met a car with every bright light glaring in his eyes, and, in turning to the right while meeting said approaching car, suddenly and without warning crashed his car into the rear end of appellant's truck loaded with produce, temporarily halted upon the right side of said highway, the lights, particularly the rear lights on said truck of appellant, not then and there burning, and said truck had no red or other light reflector upon the rear end of same.

"I further find that article 798, P. C., Revised Statutes of Texas, was then and there in force and effect as the law regulating motor vehicles, and lights thereon as the law governing appellant and his operation of said truck at said time and place."

"Conclusion of Law.

"I conclude: that the act of the driver of appellant's truck, in temporarily stopping his produce truck upon said highway * * * without lights thereon burning * * * constituted a violation of the penal laws of Texas by appellant, and a crime, and that this same comes within section 9, of article 1995, R. S. Texas Civil, of 1925."

The judgment recites that "the Court finds that the plaintiff's cause of action is based upon the alleged crime of the driver of defendant's truck temporarily stopping his loaded truck upon the highway," etc.

Appellee refers us to the case of Horton v. Benson (Tex. Civ. App.) 266 S. W. 213, and Id. (Tex. Com. App.) 277 S. W. 1050, where the case was reviewed and affirmed. That case, similar in its facts to the case at bar, was a trial on its merits, and no question of venue is in the case. We need not review the case.

Appellee also refers us to Brown v. Calhoun (Tex. Civ. App.) 22 S.W.(2d) 757, a case similar in its facts to the instant case, and presenting an appeal, as here, from an interlocutory order overruling a plea of privilege. In that case, Judge McClendon, for the Austin Court, discusses the application of article 798, of the Penal Code to the facts of that case as constituting a trespass within the meaning of the venue statute, subdivision 9, art. 1995, R. C. S. 1925, and holds that leaving an unlighted truck on the highway is merely a failure to perform a duty and is not a trespass within the meaning of the venue statute and reversed and remanded the case with instructions. The opinion refers to a number of cases as making similar holding,

among them Rigby v. Gaines (Tex. Civ. App.) 6 S. W. 422, by the San Antonio court.

The controverting plea alleged, and the court found, that the driver of the truck "stopped" said truck in a place upon said highway, and permitted said truck to "remain stopped" without the lights, thus showing an omission to perform a duty and not an act committed, and so not a "trespass" as that word is used in the venue statute. Austin v. Cameron & Co., 83 Tex. 351, 18 S. W. 437.

We think the cases above clearly sustain appellant's contention.

The case is reversed and remanded, with instruction that the case be transferred to the justice court, precinct No. 1, of Navarro county, for trial on the merits.