**GRIMES et al. v. McCRARY et al.**
No. 6341.

Court of Civil Appeals of Texas. Texarkana.
March 4, 1948.

Rehearing Denied March 25, 1948.

On Motion to Certify April 22, 1948.

Adams & Morgan, of Crockett, for appellants.

Norman, Stone & Norman, of Jacksonville, and Shook & Shook, of Dallas, for appellees.

HARVEY, Justice.

This is an appeal from an order of the trial court overruling the plea of privilege filed by the appellants. I. D. McCrary and wife, and M. D. Nunnally and wife, filed suit in the District Court of Cherokee County against Ed Grimes and J. N. Grimes, who were residents of Houston County, Texas, alleging that the defendants were negligent in installing a butane gas system in a dwelling belonging to McCrary and wife, and occupied by Nunnally and wife as tenants; that by reason of the defective manner in which the gas system was installed, gas escaped into the residence and became ignited when Nunnally undertook to light the gas in the kitchen stove. Mc-

Crary and wife sued for the damages occasioned them by reason of the destruction of their house by fire, and in the same cause of action Nunnally and wife sued for the value of their personal property, consisting of their furniture, household goods, and so on, which were consumed in the fire.

■ Unquestionably, the court properly overruled the plea of privilege in so far as the plaintiffs, McCrary and wife were concerned, the allegations of their petition and the proof in support thereof on the hearing of the plea of privilege clearly bringing their cause of action within the purview of Subdivision 14, Art. 1995, R. C.S. of Texas, which establishes venue in a suit for recovery of, or damages to land, in the county where such land is located. Appellees, Nunnally and wife, assert that the loss sustained by them in the destruction of their household goods entitles them also to maintain suit against the defendants in Cherokee County under the same exception to Art. 1995, supra, because they were tenants by the year and occupied the house and premises belonging to McCrary and wife, and as such tenants had a homestead interest in the house that burned. In addition, the Nunnallys say that a crime and trespass was committed by the defendants which would confer venue on the court in Cherokee County by reason of the provisions of Subdivision 9, Art. 1995, R.C.S. of Texas.

■ We do not think the contention of the Nunnallys that they had an interest in the burned house of such a nature as to maintain venue in Cherokee County is tenable. It is true that one may establish homestead rights in rented premises under certain circumstances, and that homestead exemptions will inure to his benefit. However, in this case the Nunnallys are suing solely for damages to their personal property; that is, the value of the household goods lost by them in the fire in question. Clearly, such a suit is not one for damages to real estate as contemplated by the exception to exclusive venue as provided by Subdivision 14, Art. 1995.

■ Appellees also make the contention that the trial court properly overruled the plea of privilege of the defendants because

they made no motion to sever the cause of action of the McCrarys from that of the Nunnallys, and therefore the only thing the trial judge could do was either to overrule or sustain the plea of privilege in its entirety; that since without doubt the cause of action of the McCrarys was maintainable in Cherokee County, the order overruling as to them was proper and necessarily included the cause of action of the Nunnallys, there being only the one plea of privilege filed which was leveled at the causes of action of both the McCrarys and the Nunnallys. We do not agree with this position. Rule 40, Texas Rules of Civil Procedure, provides that parties having joint or several causes of action may join in the same suit against a party or parties defendant where the basis of the suit arises out of the same state of facts. The defendants in this case filed their plea of privilege, which was addressed to the claims of all of the plaintiffs. Upon the hearing on the plea of privilege, if it appeared that the plea was good as to the cause of action of some of the plaintiffs but not well founded as to others, then the proper order of the court would be to sustain the plea as to such plaintiffs who had not established venue in the county where suit was pending, and to overrule as to such plaintiffs who had shown venue in the county where suit was filed under some exception to Article 1995.

■ Appellees alleged in their petition, and proof was adduced in support of the allegations on the hearing on the plea of privilege, that a trespass involving affirmative negligence was committed by the appellants by reason of the method in which they installed the butane gas system and connected the kitchen stove. In addition, appellees contend that venue should be sustained in Cherokee County by reason of the fact that appellants supplied them with liquefied petroleum gas that was not odorized with a malodorant in violation of the provisions of Article 6053a, Vernon's Ann. Civ.St., of Texas, and the Basic Rules of the Railroad Commission of Texas, Sec. B-12, Subdivision D (Docket No. 141, Nov. 15, 1947, Sec. B-1, Sub. a), promulgated pursuant to such article of the statutes. It appears that the appellants had installed

the butane system and connected the kitchen stove, and subsequently, at the request of M. D. Nunnally and wife, they substituted a stove for the first one that was installed, and it was alleged that in so doing they shoved the stove from against the wall and then back in place and sprung the pipe connections, allowing the gas to escape therefrom and that the fire was caused by the escape of the gas. M. D. Nunnally testified that about seven days had elapsed between the time the tank was refilled and the day that the fire occurred; that 140 gallons of gas had been placed in the tank and that so much of it had escaped during the seven-day period that only half of the 140 gallons remained in the tank at the time of the fire. He further testified that he was able to smell, but that he did not smell any gas that was escaping from the faulty connections, and the gas was not odorized; that no one else smelled escaping gas. Nunnally related that when he struck a match to light the oven in the stove there was a flash and the flame went back to the joint in the connecting pipe that had been installed by the appellants where it made a flame about 18 inches in height, which they were unable to put out. The trial judge in his findings of fact found, upon the testimony of M. D. Nunnally, that the gas supplied by appellants was not odorized with a malodorant, and that by reason of his having furnished that type of gas he committed an offense punishable by a fine under the provisions of Article 6053a, and that therefore venue of the suit properly was laid in Cherokee County under Subdivision 9, Art. 1995, R.C.S. of Texas, which relates to a crime, offense or trespass committed by one who is sued in a county other than the one of his residence. Further, the trial judge concluded that such offense was a proximate cause of the fire in question. No point is presented by the appellants that the furnishing of the non-odorized gas by them was not a proximate cause of the fire.

Subdivision 9, Article 1995, R.C.S. of Texas, is as follows:

"A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

The words "crime," "offense," and "trespass" are not synonymous; a trespass, which implies a violation of a right, is not necessarily in every case a crime or offense. A crime or offense, which involves the assessment of a penalty, though ordinarily it is a trespass, is not always within such classification. Where one undertakes to sustain venue in a county based upon a trespass, it is necessary that acts constituting active negligence be established. If the venue is sought to be maintained by reason of the commission of a crime or offense, proximately causing the damage complained of, we do not think that the plaintiff is required to go further and show that the act or acts constituting a penal offense be of such a nature as to be active negligence. An apt illustration of the difference between a trespass and a crime is where one parks an unlighted automobile upon the public highway at night, by reason of which another person collides with it and is injured. It has been held in many cases that if venue is sought to be maintained in the county where the accident occurred upon the theory of a trespass, under the facts as stated immediately above, the negligence in parking the car is passive in nature and is not sufficient to sustain venue in the county where it was committed. Brown v. Calhoun, Tex.Civ.App., 22 S.W. 2d 757; Rigby v. Gaines, Tex.Civ.App., 6 S.W.2d 422; Crain v. King, Tex.Civ. App., 62 S.W.2d 164; Odom v. Parker, Tex.Civ.App., 173 S.W.2d 328; Sherrod v. Bird, Tex.Civ.App., 155 S.W.2d 422; Connor v. Saunders, 81 Tex. 633, 17 S.W. 236, 237; Brooks v. Hornbeck, Tex.Civ.App., 274 S.W. 162; Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675. In the case of Crain v. King, supra, reference is made in the opinion to the case of Brown v. Calhoun, supra, as authority for the holding in such case. The latter case in turn was based upon Rigby v. Gaines, Tex.Civ. App., 6 S.W.2d 422. An examination of these cases discloses that all of them were decided upon the point as to whether or not a trespass within the meaning of the venue statute had been committed and not

upon whether or not a crime or offense had been committed. On the other hand, in recent years the act of leaving an unlighted automobile parked on the highway at night has been made a penal offense. Article 827a, Vernon's Texas Ann.Pen.Statutes, 1936. In a suit based upon the crime or offense of leaving an unlighted parked automobile on the highway, which act was the proximate cause of a collision, venue is properly laid in the county where such act was committed, irrespective of whether such act constituted affirmative negligence as distinguished from passive negligence. In the case of Gray v. Adolph, Tex.Civ. App., 117 S.W.2d 122, the precise question was presented as to venue being maintainable in a county based upon the commission of a crime or offense. In that case, in which a writ of error was refused, the court very clearly, and correctly we think, stated the rule applicable where a suit is based upon an offense instead of upon a trespass, within the purview of the venue statute.

We are of the opinion that under the facts of the instant case, enumerated hereinabove, and the findings and conclusions filed by the trial judge, a sufficient showing was made by the appellees to sustain venue in Cherokee County under Subdivision 9, Art. 1995, relating to the commission of an offense. Whether or not the gas was odorized with a malodorant as required by the rules of the Railroad Commission of Texas, presented an issue of fact for the trial court to pass upon; the evidence adduced before him in regard thereto made out a prima facie case, at least, that the gas supplied by appellants did not contain a malodorant and that such action on their part in delivering gas that was not odorized was a proximate cause of the fire. The purpose of requiring a malodorant in gas is to warn any one of its presence when it is escaping. The dangerous and highly inflammable nature of liquefied petroleum gas is commonly known; one who supplies it to be used in a cooking stove necessarily can foresee the results that may ensue in the event that it is not malodorized and escapes in quantities in the area where it is to be used.

The judgment of the trial court overruling the plea of privilege of appellants is affirmed.

## On Motion to Certify

Appellants, in their motion to certify questions to the Supreme Court of Texas, call our attention to an inaccuracy in referring to the testimony. The trial court in his findings of fact found as follows:

"9. That defendants, their agents, servants and employees, failed to odorize the gas that was in the butane gas tank and which escaped into plaintiffs' house, and being required by law to odorize said gas, the failure to do so was a crime or offense committed in Cherokee County, Texas, which proximately caused the loss to plaintiffs' property.

"10. The defendants, their agents, servants and employees, failed to have the butane gas odorized to such an extent that such gas odor would be readily perceptible to the sense of smell of a normal or average person coming from fresh air without the presence of gas and said act of the defendants, their agents, servants and employees in not odorizing said gas sufficiently amounted to a crime or offense against the plaintiffs which proximately caused the destruction of their property."

In discussing the testimony of the witness Nunnally relative to the above finding, we stated "that he said he was able to smell; but that he did not smell any gas that was escaping from the faulty connections, and the gas was not odorized; that no one else smelled escaping gas." Appellants say that the record does not show that he testified that the gas was not odorized and that no one else smelled escaping gas. After checking the record, we find that appellants are correct in their contention and the part of the sentence above quoted reading "and the gas was not odorized; that no one else smelled escaping gas," is deleted from the opinion.

The Rule of the Railroad Commission of Texas applicable in this case, made pursuant to the provisions of Article 6053a, R. C.S. of Texas, was referred to in our opinion as being Section B-12, Subdivision D, of such rules. This basic rule relating to

the odorizing of gases is contained in Gas Utilities Docket, No. 141, page 2, B. 1, dated November 15, 1947, which docket brings forward the regulations of the Commission incorporated in prior issues of its rules. The last citation of the rule in question, contained in Docket No. 141, which we have before us, and the verbiage of which rule is substantially followed in the fact findings of the trial court above quoted, will be substituted for the reference to Sec. B-12, Subdivision D, in the opinion herein.

The motion to certify respectfully is overruled.