**SIMMONS et al. v. GERMANY.**

No. 6471.

Court of Civil Appeals of Texas.
Texarkana.

June 8, 1950.

John Touchstone, Dallas, Norman, Stone, Rounsaville & Hassell, Jacksonville, for appellant.

Lewis & Chandler, Jacksonville, for appellee.

LINCOLN, Justice.

The appeal is from an order of the District Court of Cherokee County overruling a plea of privilege. Appellants reside in Dallas County. The parties will be referred to as in the trial court.

The defendant George B. Simmons was the owner of a truck and trailer. On the night of January 18, 1948, the defendant Cecil Musser, admittedly the agent and employee of Simmons, was operating said truck and trailer on a highway in Cherokee County, travelling in a northerly direction. The trailer carried about 12,000 feet of lumber. At a point some five or six miles south of Alto, in said county, at about eleven o'clock that night, Musser left his trailer with its load of lumber parked on the highway in such way that the left

rear end of the trailer was standing in the right hand or east lane of the highway. At about 2:30 o'clock that night an automobile driven by Robert Freeman while travelling said highway in a northerly direction ran into the left rear corner of the trailer. Germany, the plaintiff who was a guest in Freeman's automobile, was injured and prosecutes this suit for damages. The plaintiff's petition and his controverting affidavit to the plea of privilege filed by the defendants based plaintiff's suit and venue facts upon the following allegations of negligence:

"A. In parking and leaving standing said truck trailer upon the improved hard-surfaced main traveled portion of said highway outside the corporate limits of a city or town, at such place and in such manner as not to leave a clear and unobstructed width of fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle for free passage of other vehicles thereon, in violation of Article 827, Section 10, Vernon's Penal Code of Texas." (The reference to Art. 827 is evidently an inadvertence, and was intended for Art. 827a of the Penal Code, and will be so considered).

"B. In parking and leaving standing said truck-trailer upon the improved and main traveled portion of said public highway at a place outside the corporate limits of an incorporated city or town where it was possible to park and leave the same standing off the improved and main traveled portion of said public highway, in violation of Article 827a, Section 10, of Vernon's Penal Code of Texas."

"C. In parking and leaving standing a commercial truck-trailer upon the improved main traveled portion of said public highway for as long as 15 minutes during the period from one-half hour after sunset to one-half hour before sunrise without placing a warning signal of lighted flares or electrical devices or proper reflectors up on the highway on the roadside of such vehicle at a distance of not less than 150 feet, nor more than 200 feet, from such parked truck-trailer, in violation of Article 827a, Section 9a, as amended, Vernon's Penal Code of Texas."

In connection with each of the foregoing acts of negligence (A), (B) and (C), the plaintiff quoted verbatim above sections of Art. 827a.

The plaintiff rested venue in Cherokee County upon Article 1995, Sec. 9, R.S. of Texas, Vernon's Ann.Civ.St. art. 1995, subd. 9, as follows: "Crime or trespass.— A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, whether committed by the defendant or by his agent or representative, or in the county where the defendant has his domicile."

▮▮▮ Appellants' first point challenges the order of the court in overruling the plea of privilege on the ground that it cannot be sustained under the trespass provision of the foregoing venue statute. The order does not specifically state that it was sustained upon that ground, and there are no findings of fact or conclusions of law from which we might determine the basis of the court's order in this respect. However, insofar as the action of the court in overruling said plea might be based upon the trespass provision of said statute, we sustain the appellants' contention. "Where one undertakes to sustain venue in a county based upon a trespass, it is necessary that acts constituting active negligence be established." Grimes v. McCrary, Tex.Civ. App., 211 S.W.2d 1005, 1008. It has been held in many cases in Texas that if venue is sought to be maintained in the county where an accident like the one involved in this case occurred, the negligence in parking the vehicle on the paved or improved portion of the highway is passive, and is not sufficient to sustain venue in the county where it was committed, under the trespass provision of the venue statute. Grimes v. McCrary, supra, and cases there cited.

By points of error Nos. 2, 3 and 4, the appellants assert that the sections or subdivisions 9-a and 10 of Article 827a, P.C. of Texas, were repealed by the enactment of the Uniform Traffic Act Regulating Traffic on the Highways of Texas, passed by the 50th Leg. 1947, and which was in effect on the date of the accident. They assert that since the plaintiff has grounded

his case upon the statutes referred to by him and since said statutes have been repealed by the Uniform Traffic Act, the defendants could not be guilty of a crime or offense by violation of the repealed statutes and that the action of the trial court in overruling the plea of privilege was erroneous.

The Uniform Traffic Act provides that all laws and parts of laws in conflict with its provisions are repealed. We will dispose of the contention of appellants with reference to the provisions of Section 9-a of Art. 827a, supra, by holding that in our opinion there are such conflicts between said Sec. 9-a and Sec. 138 of the Uniform Traffic Act, Art. 6701d, Vernon's Civil Tex. Statutes, as to make Sec. 9-a of the original penal act ineffective for purpose of this suit. Both acts relate to placing of flares on the highway, prescribing the types,, number, distances, etc. We do not deem it necessary to extend this opinion by setting out the provisions of said acts in the respects noted nor pointing out the particular conflicts. They are readily discernible from a reading of both acts. It is our opinion that the facts pleaded by plaintiff, and certainly the facts in evidence, are not sufficient to show a violation under Section 138 of the Uniform Traffic Act. That being the situation we sustain appellants' points of error insofar as the judgment of the court may have been based on the allegations of negligence contained in Subdiv. (c) of plaintiff's petition and his controverting plea, supra, and the facts in evidence thereunder.

Art. 827a, Sec. 10, P.C., reads as follows: "Sec. 10. No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of any incorporated town or city, when it is possible to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway op-posite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."

Section 93 of the Uniform Traffic Act reads as follows:

"Sec. 93. Stopping, standing, or parking outside of business or residence districts. (a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is possible to stop, park, or so leave vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred (200) feet in each direction upon such highway.

"(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

A comparison of the two enactments last quoted discloses that there are two material variances in Section 10 of Article 827a and Subdivision (a) of Section 93. In Section 10 the prohibition against parking a vehicle is upon that part of a highway "outside of any incorporated town or city." In Section 93(a), the prohibited parking is upon that part of the highway "outside of a business or residence district." Both the petition and the controverting affidavit make the allegation that defendants' trailer was parked and the collision occurred on the highway outside of an incorporated town or city. The evidence is to the same effect. Article I, Subdivision III, Section 17, of the Uniform Traffic Act defines a "business district" and a "residence district," as follows:

"Sec. 17. (a) Business District. The territory contiguous to and including a roadway when within any six hundred (600)

feet along such roadway there are buildings in use for business or industrial purposes which occupy three hundred (300) feet of frontage on one side or three hundred (300) feet collectively on both sides of the roadway.

"(b) Residence District. The territory contiguous to and including a highway not comprising a business district when the property on such highway for a distance of three hundred (300) feet or more is in the main improved with residences or residences and buildings in use for business."

It is obvious that a business or residence district as defined may or may not be outside of an incorporated town or city. Neither the petition nor the controverting plea allege facts sufficient to establish that the place where the accident occurred was outside of a business district or of a residence district as those terms are defined in Section 17, supra. Without allegations of sufficient venue facts the suit may not be maintained in Cherokee County, under Subd. 9 of Art. 1995, supra. But in addition to that, the facts in evidence were not sufficient to bring the case within the purview of the definitions of business or residence district as defined in said Sec. 17. Clearly there is a conflict between the provisions of Sec. 10 of Article 827a and Subdivision (a) of Section 93 of the Uniform Traffic Act, in the respects noted, and by reason thereof the provisions of the Uniform Traffic Act in these particulars are controlling.

The other conflict between Section 10 and Section 93 (a) of the Uniform Traffic Act may be thus stated: The proviso of Section 10 prohibits the parking of a vehicle on the highway in any event unless a "clear and unobstructed width of not less than fifteen feet" is left for free passage of other vehicles; while in Section 93 of the Uniform Traffic Act it is required under the same circumstances that "an unobstructed width" shall be left for free passage of other vehicles.

The plaintiff's petition and his controverting plea allege the 15 feet provision of Section 10. Plaintiff argues that by so doing his allegation is more restrictive against him than had he alleged "an unobstructed width." We are not so sure about that. An unobstructed width might be less or it might be greater than 15 feet. It is our opinion that, where, as in this case, negligence is predicated on the violation of a statute, the allegation of venue facts must be brought within the statute in language that is not ambiguous. The provision of the Uniform Traffic Act in this particular is controlling. However, it is held in Wootan v. Berry, Tex.Civ.App., 219 S.W.2d 156, and cases there cited, that the provisions of Section 10 requiring 15 feet clearance and a clear view for 200 feet becomes applicable only when it is not possible to park off the paved or main traveled portion of the highway. The same rule would apply to the unobstructed width" provision of Sec. 93 of the Uniform Act. The judgment of the trial court in this case involves a finding that it was possible for Musser to park the trailer off the paved or main traveled portion of the highway. The evidence on this point was conflicting, but there are sufficient facts to support that finding.

A violation of acts prohibited by statute constitutes negligence per se, without regard to whether it is active or passive. Sproles v. Copeland, Tex.Civ.App., 67 S. W.2d 1076; Grimes v. McCrary, Tex.Civ. App., 211 S.W.2d 1005. We do not agree with appellants' contention that a citation to a repealed statute or an erroneous citation to any statute would of itself invalidate the plaintiff's claim of venue in Cherokee County. It is the duty of the court before whom this case was tried without a jury to determine the nature of the action from the plaintiff's petition. American Fruit Growers, Inc., v. Sutherland, Tex.Civ.App., 50 S.W.2d 898; Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W. 2d 533, 536. In testing venue facts the court must look to the fact allegations in the controverting affidavit. Conclusions of law to be drawn from the facts alleged are matters not necessary to allege. It was not necessary for the plaintiff to allege the specific penal statutes violated, and if he did so and made an error this would not destroy the validity of his controverting plea. The determination of questions of law is a

matter within the prerogative of the court, to be drawn from the facts alleged. In Gugenheim v. Anheuser-Busch, Inc., Tex. Civ.App., 198 S.W.2d 950, 953, the plaintiff specially pleaded Exception No. 5 of the venue statute when the facts brought his case within Exception 23 of said statute. The trial court sustained the defendants' plea of privilege and in reversing that holding Judge Baugh of the Austin Court of Civil Appeals said:

"Nowhere does the language either of former Art. 2007, nor of Rule 86, T.R.C.P., require the plaintiff, as against a plea of privilege that none of the exceptions contained in Art. 1995 apply, to plead specifically which particular subdivision of such statute applies. He is only required to plead under oath the specific 'grounds' (formerly fact or facts) on which venue is predicated. Such grounds may, and sometimes do, fall within more than one, exception. As to what exception applies to the stated grounds may be but a conclusion of the pleader. And the rule applicable seems to be that where such grounds are specifically set out in the controverting plea, and the proof sustains them, proper venue is shown where suit is filed even though the pleader may be in error as to which exception under the statute properly applies."

Numerous authorities are cited in support of Judge Baugh's opinion. Had the plaintiff in this case alleged venue facts in his controverting plea sufficient to bring it within the provisions of the Uniform Traffic Act, and had facts in evidence supported such allegations, the very fact that he erroneously cited Art. 827a as the law violated, would not have destroyed the validity of his claim of venue in Cherokee County. But when he alleged and proved facts bringing him within the purview of the quoted portions of Article 827a instead of facts bringing him within the applicable portions of the Uniform Traffic Act, which, as to the matters discussed has superceded Art. 827a, the plaintiff neither alleged nor proved sufficient facts to hold venue of his case in Cherokee County.

In view of another trial we think we should call attention to the insistence of appellants that the facts in evidence show by preponderance of evidence that it was not possible for Musser to park his trailer off the highway. Appellants' evidence in this respect is to the effect that the gas line of the tractor clogged up and Musser pulled the trailer as far off the highway as he could get it. Musser states, however, that the left rear end of the trailer was left standing three feet on the pavement. There was other evidence from which the conclusion might be drawn that Musser could have permitted his truck and trailer to roll backward down the hill on which the trouble occurred, and thereby could have gotten entirely on the shoulder of the highway and off the paved portion. This raised a fact issue for the court and we are concluded by his finding. His judgment in this respect involves a finding in favor of plaintiff. This situation also poses the question of whether Subd. (b) of Section 93 of the Uniform Traffic Act is a necessary element of the offense denounced in Subd. (a) of said Section, thereby making it necessary to allege and prove the additional element, or whether Subd. (b) is defensive only, and it is not necessary for the plaintiff to negative the exception contained therein. We pretermit a discussion or opinion on that question.

Since the pleading of the plaintiff, and particularly his controverting affidavit, are insufficient and subject to amendment, Vol. 8, Tex.Jur.Supp., p. 123, and since the facts in evidence are insufficient to sustain the judgment of the court overruling the plea of privilege, for the reasons herein discussed, it is our duty under the authority of Jackson v. Hall, C.J., 147 Tex. 245, 214 S.W.2d 458, to reverse and remand to the district court for another trial, and it is so ordered.